OPINION




No. 04-03-00646-CV



IN RE Arturo VILLARREAL



Original Mandamus Proceeding (1)



Opinion by: Karen Angelini, Justice


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: November 19, 2003


PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

 In this child custody case, Relator Arturo Villarreal filed a petition for writ of habeas corpus in the
trial court, arguing that as his children's sole living parent, he has an immediate right to possession of his
children. The trial court denied Villarreal's petition. In response, Villarreal filed a petition for writ of
mandamus, requesting that we direct the trial court to vacate its order denying the petition for writ of habeas
corpus. 

 Villarreal also filed a motion for emergency stay. According to Villarreal, Maria Torres Trevino,
the children's maternal grandmother, had filed a motion to transfer the custody case from Bexar County
to Harris County based on the residency of the children. See Tex. Fam. Code Ann. § 155.201(b) (Vernon
2002) (providing for mandatory transfer of proceeding "to another county in this state if the child has
resided in the other county for six months or longer"). Villarreal represented that Trevino's motion would
be heard on September 3, 2003 in Bexar County District Court. On August 29, 2003, we denied Trevino's
motion for emergency stay.

 On October 21, 2003, we ordered Villarreal and Trevino to file written proof within ten days
answering the following questions: (1) At the September 3, 2003 hearing, did the trial court grant or deny
Trevino's motion to transfer? and (2) If the trial court transferred the underlying case to Harris County, do
we still have jurisdiction over this petition for writ of mandamus?

 In response to our order, both parties represent that the underlying suit has been transferred to
Harris County. And, both parties believe that we have lost jurisdiction over this mandamus as a result. We
agree. Section 22.221 of the Texas Government Code gives us power to issue writs of mandamus against
a judge of a district or county court in the court of appeals district. Tex. Gov't Code Ann. §22.221
(Vernon Supp. 2003). Here, even if we assume that Villarreal's petition for writ of mandamus has merit,
we have no authority to issue a writ against a district judge in Harris County. Moreover, if we issue the writ
against the Honorable Michael P. Peden, the Bexar County District Judge who denied Villarreal's petition
for writ of habeas corpus, Judge Peden, now that the case has been transferred to Harris County, has no
authority to vacate his prior order. For these reasons, we dismiss this petition for writ of mandamus for lack
of jurisdiction.


 Karen Angelini, Justice
1. This proceeding arises out of Cause No. 97-EM5-02586, styled In the Interest of G.V., A.V., and R.V., pending
in the 45th Judicial District Court, Bexar County, Texas, the Honorable Michael P. Peden presiding.